MINUTES OF THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

*UNITED STATES OF AMERICA* v. *DON ARTHUR WEBSTER, JR.*

THE HONORABLE JOHN W. SEDWICK　　　　　CASE NO. 3:06-cr-00096 (JWS)

PROCEEDINGS: **ORDER FROM CHAMBERS**　　　　　Date: October 17, 2007

    In a motion filed on October 6, 2007, at docket 118, plaintiff asks the court to designate this case as one of special public importance pursuant to 18 U.S.C. § 3509(j). That statute provides that the court "may" designate a case if it is one in which a child may be called to give testimony. Defendant's opposition is at docket 122.

    The charges in this case allege generally that defendant ran escort services at which some of the prostitutes were minors. The government originally represented to the court that all of the victim witnesses would be young adult women (albeit some were minors at the time of the crimes charged). In the motion at docket 118, plaintiff asserts for the first time that one of the victim witnesses, Juvenile F, will be under the age of 18 at the time of trial.

    From the motion papers it is clear that the United States has made the motion to make it more difficult for defendant to obtain a continuance of the trial date. However, there is no request for a continuance pending. Furthermore, as the United States accurately recounts in its motion, the court made it abundantly clear months ago when it granted defendant's motion to continue trial from February to November 5, 2007, that the trial would almost certainly not be continued again. The court explained that many of the witnesses--although not minors--were young women who understandably would be heavily burdened by the prospect of giving testimony about very unpleasant matters. The continuance granted was also a generous one in terms of the time afforded defendant to prepare for trial. The court remains of the view that a continuance beyond the present trial date would almost certainly be unwarranted.

    The United States has not provided the court any information about the actual age of Juvenile F, or the particular circumstances in which she was involved. From the government's original representation that all of the victim witnesses would be adults, it seems reasonable to conclude that Juvenile F is nearly 18 years of age. It is clear from the charges that some of the victim witnesses must have had very disturbing experiences. However, the circumstance of Juvenile F's own experience are not disclosed. The most the court can discern from the government's papers is that Juvenile F is the only victim witness who was not given crack cocaine. The United States also suggests that the concerns underlying the statute should apply to all of the

victim witnesses. However, by the terms of the statute, a designation may not be made for young adult witnesses.

Absent sufficient support for the requested designation, the motion at docket 118 is **DENIED**.

The ruling on the motion at docket 118 does not mean the court would look favorably on a further motion to continue the trial.

_____