IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

```
UNITED STATES OF AMERICA,           )
                                    )
                    Plaintiff,      )
                                    )
     vs.                            )
                                    )   No. 3:06-cr-0096-HRH
DON ARTHUR WEBSTER, JR.,            )
a/k/a Jerry Starr, a/k/a "Daddy",   )
                                    )
                    Defendant.      )
_____)
```

<u>O R D E R</u>

<u>Restitution Amount</u>

    Defendant has been convicted of crimes which, in addition to other penalties, carry a mandatory restitution obligation. 18 U.S.C. §§ 1591, 1593(a). Such provision for restitution requires a court order issued pursuant to and enforceable in accordance with 18 U.S.C. §§ 3664 and 3663A.

    The presentence report filed in this case contains no information upon which a restitution order could be based; and as a consequence of a hearing held August 12, 2008, the court has learned that, as a practical matter, the losses of the victims of defendant's sex trafficking crimes "are not ascertainable by the date that is ten days prior to sentencing." 18 U.S.C. § 3664(d)(5). In this regard, the court has doubt that the procedures required by Section 3664 have been completely observed. While it is true that the court received during the course of trial evidence of payments

made by the Alaska Violent Crimes Compensation Board to some of the victims, that information is not current and is not presently available to all of the parties due to confidentiality concerns. Thus the court is not in a position to make a restitution determination at the sentencing hearing in this case which is scheduled for August 14, 2008.

In consideration of the foregoing, and in reliance upon 18 U.S.C. § 3664(d)(5), the court now establishes October 31, 2008, at 9:00 a.m., for the final determination of the victims' losses. In the meantime, the court expects the Government and the probation service to collaborate for the purpose of effecting full and complete compliance with the procedures set forth in 18 U.S.C. § 3664 to the end that the court receive, at least 21 days in advance of the foregoing date, a supplemental report on the subject of restitution.

At the August 12, 2008, hearing, the court and counsel engaged in some discussion about whether consideration of amounts received by victims from the compensation board should be considered and whether or not restitution to the board was appropriate. Plainly the court and counsel had not at that time reviewed the provisions of 18 U.S.C. § 3664(f)(1)(B) and (j)(1), which bear directly on the determination of the restitution amount where a victim has received compensation and the payment of restitution to an entity that has provided compensation to a victim.

In consideration of the foregoing, the court will not address the subject of restitution at the August 14, 2008, sentencing

hearing, but will take up the subject on or before October 31, 2008.

    DATED at Anchorage, Alaska, this <u>12th</u> day of August, 2008.

                                      <u>/s/ H. Russel Holland    </u>
                                      United States District Judge