AO 245B (Rev. 06/05) Judgment in a Criminal Case
Sheet 1



RECEIVED
AUG 1 9 2008
CLERK, U,S, DISTRICT COURT

# UNITED STATES DISTRICT COURT
District of Alaska

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| V. | |
| DON ARTHUR WEBSTER, JR. | Case Number: 3:06-CR-00096-HRH |
| aka "Jerry Starr" and "Daddy" | USM Number: 15319-006 |
| | Michael Dieni and Mary Geddes |
| | Defendant's Attorney |

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
  which was accepted by the court.

X was found guilty on count(s)  2,3,4,8,9,10,11,12,13,15,16,18,19, 21,22,23,25,26,27,28,29,30,31,33,34,35 and 37
  after a plea of not guilty.    Of the Fourth Superseding Indictment.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 1591(a)(1) and (b)(2) | Sex Trafficking Of Children And By Force, Fraud And Coercion | 10/20/2006 | 3, 4 |
| 18 U.S.C. §§ 1591(a)(1) and (b)(1) | Sex Trafficking By Force, Fraud, And Coercion | 10/20/2006 | 2,8-13,15,16 |

The defendant is sentenced as provided in pages 2 through ___8___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

X The defendant has been found not guilty on count(s)   5, 6, 17 and 24 of the Fourth Superseding Indictment.

X Count(s)   1, 7, 14, 20, 32 Were Previously   ☐ is   ☐ are   dismissed on the motion of the United States.
  Dismissed and defendant was Acquitted as to Count 36 of the Fourth Superseding Indictment.
     It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

AUGUST 15, 2008
Date of Imposition of Judgment

**SIGNATURE REDACTED**
Signature of Judge

H. RUSSEL HOLLAND, U.S. DISTRICT JUDGE
Name and Title of Judge

8/18/08
Date

AO 245B   (Rev. 06/05) Judgment in a Criminal Case
         Sheet 1A

Judgment—Page 2 of 8

DEFENDANT: DON ARTHUR WEBSTER, JR.
CASE NUMBER: 3:06-CR-00096-HRH

# ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. §§ 861(f) & (b) and 841(b)(1)(C) | Distribution Of A Controlled Substance To A Pregnant Individual | 10/20/2006 | 18, 19 |
| 21 U.S.C. §§ 841 (a)(1) 841 (b)(1)(C) and 859(a) | Distribution Of A Controlled Substance To A Person Under 21 Years Of Age | 12/21/2004 | 21-23, 25 |
| 21 U.S.C. §§ 841 (a)(1) and (b)(1)(C) | Distribution Of A Controlled Substance: Cocaine Base | 10/20/2006 | 26-31, 33-34 |
| 21 U.S.C. §§ 841 (a)(1) (b)(1) (C) and 851 | Manufacturing A Controlled Substance: Cocaine Base | 06/21/2006 | 35 |
| 21 U.S.C. § 856(a)(1) and (b) | Using And Maintaining A Place For Manufacturing, Distributing And Using A Controlled Substance: | 06/21/2006 | 37 |

AO 245B  (Rev. 06/05) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page 3 of 8

DEFENDANT: DON ARTHUR WEBSTER, JR.
CASE NUMBER: 3:06-CR-00096-HRH

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: 360 Months.

This term consists of **360 months** on Counts 2, 4, 8, 9, 10, 11, 12, 13, 15, 16, 18, 19, 21, 22, 23, 25, 26, 27, 28, 29, 30, 31, 33, 34 and 35 and **240 months** on Counts 3 and 37; this term to run concurrently.

X  The court makes the following recommendations to the Bureau of Prisons:

*PLEASE SEE PAGE 4 OF 8

X  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:
   ☐ a _____  ☐ a.m.  ☐ p.m.  on _____.
   ☐ as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   ☐ before 2 p.m. _____.
   ☐ as notified by the United States Marshal.
   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered _____ to _____
at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
           Sheet 2A — Imprisonment

Judgment—Page 4 of 8

DEFENDANT: DON ARTHUR WEBSTER, JR
CASE NUMBER: 3:06-CR-00096-HRH

## ADDITIONAL IMPRISONMENT RECOMMENDATIONS

*The court makes the following recommendations to the Bureau of Prisons:

1. Court recommends that the Bureau of Prisons make provisions such that the defendant will have no contact with the victims of these offenses in this case, or the victims family members, including correspondence, telephone contact, or communication thru a 3rd party, except under circumstances approved in advance by an appropriate authority within the Bureau of Prisons.

2. Court recommends that the defendant participate in the 500 hour Drug and Alcohol Treatment Program when available.

3. Court recommends that the defendant serve his time at a facility located in either the State of California or as near to the State of Kansas as possible in order to be near family.

/////////////////////////////////////////////////////

AO 245B  (Rev. 06/05) Judgment in a Criminal Case
        Sheet 3 — Supervised Release

Judgment—Page __5__ of __8__

DEFENDANT:     DON ARTHUR WEBSTER, JR.
CASE NUMBER:   3:06-CR-00096-HRH

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :   LIFE.

This term consists of **Life** on each of Counts 4 and 8; **12 years** on each of Counts 18, 19, 21, 22, 23, 25; **6 years** on each of Counts 26, 27, 28, 29, 31, 33, 34, 35; **5 Years** on each of Counts 2, 3, 9, 10, 11, 12, 13, 14, 15, 16; **3 Years** on Count 37; this term to be served concurrently.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed **12** tests per month, as determined by the probation officer.

☐  The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

X  The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

X  The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

X  The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐  The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: DON ARTHUR WEBSTER, JR.
CASE NUMBER: 3:06-CR-00096-HRH

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall cooperate in the collection of a DNA sample from the defendant as directed by his probation officer.

2. In addition to submitting to drug testing in accordance with the 1994 Act, the defendant shall participate in either or both inpatient or outpatient treatment programs approved by the United States Probation Service for substance abuse treatment, which program shall include testing to determine whether the defendant has reverted to the use of drugs or alcohol. At the direction of the probation officer, the defendant may be required to pay all or a portion of costs of those programs.

3. The defendant shall submit to a warrantless search of his person, residence, vehicle, personal effects, place of employment, or other property by a federal probation or pretrial services officer or other law enforcement officer, based upon a reasonable suspicion of contraband or a violation of a term of supervised release. Failure to submit to such searches may be grounds for revocation of supervised release.

4. The defendant shall participate in and fully comply with either or both inpatient or outpatient mental health treatment programs approved by the United States Probation Service. At the direction of his probation officer, the defendant may be required to pay for all or a portion of the costs of the treatment programs.

5. The defendant shall provide the probation officer with access to any requested financial information, including authorization to conduct credit checks, and shall not incur any new debts or apply for credit without prior approval of his probation officer.

6. The defendant shall not possess a firearm, destructive device, or other weapon.

7. The defendant shall have no unsupervised contact with any person under the age of 18, including minor children of the defendant, nor attempt to contact such persons except under circumstances approved in advance and in writing by his Probation Officer.

8. The defendant shall have no contact with the victims or the victims's family members, including correspondence, telephone contact, or communication through a third party except under circumstances approved in advance and in writing by the probation officer. The defendant shall not enter into or onto premises, travel past, or loiter near where the victims resides.

9. The defendant shall conform to any applicable federal and state sex offender registration laws or any other laws which exist in any jurisdiction where he resides or visits, within 24 hours of his release on supervised release.
////////////////////////////////////////////////////////////////////////////////////////////

Judgment — Page 7 of 8

DEFENDANT: DON ARTHUR WEBSTER, JR.
CASE NUMBER: 3:06-CR-00096-HRH

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 2,700.00 | $ | $ To be determined |

X  The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be after such determination.     **10/31/2008**

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

| **TOTALS** | $ 0 | $ 0 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B   (Rev. 06/05) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page __8__ of __8__

DEFENDANT: DON ARTHUR WEBSTER, JR.
CASE NUMBER: 3:06-CR-00096-HRH

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A** [X] Lump sum payment of $ __2,700.00__ due immediately, balance due

    [ ] not later than _____ , or
    [X] in accordance  [ ] C,  [ ] D,  [ ] E, or  [X] F below; or

**B** [ ] Payment to begin immediately (may be combined with  [ ] C,  [ ] D, or  [ ] F below); or

**C** [ ] Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** [ ] Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** [ ] Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** [X] Special instructions regarding the payment of criminal monetary penalties:

The amount of restitution and special assessment is due immediately, any unpaid amount is to be paid during the period of incarceration at a rate of 50% of wages earned while in the custody of the Bureau of Prisons and during the period of supervised release in monthly installments of not less than 10% of the defendant's gross monthly income or $25.00, whichever amount is greater. Interest on the restitution and the special assessment is waived.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ] Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall pay the following court cost(s):

[ ] The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.