IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA


UNITED STATES OF AMERICA,        )
                                 )
                    Plaintiff,   )
                                 )
        vs.                      )
                                 )        No. 3:06-cr-0096-HRH
DON ARTHUR WEBSTER, JR.,         )
a/k/a Jerry Starr, a/k/a "Daddy", )
                                 )
                    Defendant.   )
_____)


O R D E R

Restitution Proceedings

By order of August 12, 2008,[1] the court addressed the matter of determining restitution in this case.  Having concluded that the amount of restitution could not be determined at the time of sentencing, the court fixed October 31, 2008, as the date for resolving the restitution obligation of the defendant.   In the August 12th order, the court called upon the government and the probation service to collaborate "for the purpose of effecting full and complete compliance with the procedures set forth in 18 U.S.C. § 3664 to the end that the court receive, at least 21 days in advance of the foregoing date, a supplemental report on the subject of restitution."[2]  The court had expected that it would receive a supplemental presentence report on or about October 10, 2008.  In

---

[1]Docket No. 422.

[2]Id. at 2.

- 1 -

fact, what the court has received is a position statement from the government.[3]  The court recognizes in retrospect that it may not have been sufficiently clear that the "supplemental report" was to be prepared by the probation service.  The court had supposed that the government and the probation service would collaborate with one another, and that the probation service would — independently if necessary — undertake appropriate inquiries as to the appropriate amount of restitution, including (and the court did not mention this) compliance with 18 U.S.C. § 3664(d)(3), an obligation on the part of the defendant to prepare and file with the probation service an affidavit of his financial resources.

To the end that the matter of restitution may be determined on October 31, 2008, the parties should understand that the court expects the following:

(1)  Defendant shall comply with the requirements of 18 U.S.C. § 3664(d)(3) at the earliest possible time, and not later than October 22, 2008.

(2)  On or before October 22, 2008, counsel for the parties shall confer for the purpose of considering the provisions of 18 U.S.C. § 3664(d)(4).

(4)  On or before October 24, 2008, counsel shall jointly or severally inform the court as to whether or not an evidentiary hearing is deemed necessary in connection with these restitution proceedings. If any party deems a hearing to be necessary, they

---

[3]Docket No. 437.

- 2 -

shall jointly or severally inform the court as to what witnesses will be called and the likely duration of such testimony.

(4) On or before October 29, 2008, defendant shall respond to the government's notice of calculations of mandatory restitution with an appropriate memorandum of points and authorities.

(5) The court will hear oral argument and will, if deemed necessary by a party, take testimony on the subject of restitution at 9:00 a.m. on October 31, 2008.

DATED at Anchorage, Alaska, this 15th day of October, 2008.

                                    /s/ H. Russel Holland
                                    United States District Judge

- 3 -